IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA,
        Plaintiff

v.   CIVIL ACTION NO.: 5:13CV88 DCB-MTP

MARSHALL SANDERS and
DEBORAH SANDERS,
        Defendants

## COMPLAINT FOR FRAUDULENT TRANSFER

The Plaintiff, United States of America, by its Attorney, Gregory K. Davis, United States Attorney for the Southern District of Mississippi, and Pshon Barrett, Assistant United States Attorney, complains and alleges as follows:

### JURISDICTION AND VENUE

1.    This cause of action arises under 28 U.S.C. §§ 1345 and 3304-3307.  Venue is proper in the United States District Court for the Southern District of Mississippi, pursuant to 28 U.S.C. § 1391.

### PARTIES

2.    Upon information and belief, defendant, Marshall Sanders, resides at 208 Henry Road, Vicksburg, Mississippi 39183 and may be served with process at this location.

3.    Upon information and belief, defendant, Deborah Sanders, is the wife of defendant, Marshall Sanders.

### CAUSE OF ACTION

4.    This is a civil action brought by the United States of America for the purpose of compelling payment and satisfaction of an order of restitution that was duly entered on March

10, 2009 against defendant, Marshall Sanders and in favor of Plaintiff in the sum of $1,025,453.00, in the United States District Court for the Southern District of Mississippi pursuant to Judgment in Criminal Case number 5:08CR34DCB. A copy of the Judgment is attached hereto as Exhibit "A" and its terms and conditions are incorporated and made a part hereof.

5.   The order of restitution was entered against defendant, Marshall Sanders for willfully failing to file federal income tax returns for years 2001 and 2002, in violation of Title 26, United States Code, Section 7203.

The order of restitution remains in full force and effect.

6.   As of June 18, 2013, a total of $333,992.63 has been paid and applied toward the restitution debt, leaving a balance of $691,460.37.

7.   Prior to November 18, 2008, defendant, Marshall Sanders was the owner of real property located at 1115 Monroe Street, Vicksburg, Mississippi 39180.

On or about November 18, 2008, a Quitclaim Deed was executed and filed November 19, 2008, in Warren County, Vicksburg, Mississippi, in which defendant, Marshall Sanders transferred his interest in the above-described property to his wife, defendant, Deborah Sanders. The deed, dated and recorded on November 19, 2008, is attached hereto as Exhibit "B" and its terms and conditions are incorporated and made a part hereof.

8.   Prior to November 18, 2008, defendant, Marshall Sanders was the owner of real property located at 2516 Halls Ferry Road, Vicksburg, Mississippi 39180.

On or about November 18, 2008, a Quitclaim Deed was executed and filed November 19, 2008, in Warren County, Vicksburg, Mississippi, in which defendant, Marshall Sanders transferred his interest in the above-described property to his wife, defendant, Deborah Sanders.

The deed, dated and recorded on November 19, 2008, is attached hereto as Exhibit "C" and its terms and conditions are incorporated and made a part hereof.

9. Prior to November 18, 2008, Marshall Sanders was the owner of real property located at 2521 Halls Ferry Road, Vicksburg, Mississippi 39180.

On or about November 18, 2008, a Quitclaim Deed was executed and filed November 19, 2008 in Warren County, Vicksburg, Mississippi, in which defendant, Marshall Sanders transferred his interest in the above-described property to his wife, defendant, Deborah Sanders. The deed, dated and recorded on November 19, 2008, is attached hereto as Exhibit "D" and its terms and conditions are incorporated and made a part hereof.

10. After defendant, Marshall Sanders entered a plea of guilty on November 7, 2008, but before his sentencing on March 10, 2009, he wrongfully and with actual intent to hinder, delay, or defraud the Plaintiff, conveyed or caused to be conveyed each of the properties described above in paragraphs 7-9 to his wife, Deborah Sanders, defendant, in violation of 28 U.S.C. § 3304(b)(1)(A).

11. Upon information and belief, the above-described conveyances by Marshall Sanders, defendant, were made to his wife, Deborah Sanders, defendant as an insider, in violation of 28 U.S.C. § 3304(b)(2)(A).

12. Upon information and belief, after Marshall Sanders, defendant, made the above-described conveyances, he remained in possession or control of the properties transferred in violation of 28 U.S.C. § 3304(b)(2)(B).

13. Upon information, and belief, the above-described conveyances by Marshall Sanders, defendant, were concealed in violation of 28 U.S.C. § 3304(b)(2)(C).

14. Upon information and belief, the above-described conveyances by Marshall Sanders, defendant, were made in an attempt to remove or conceal assets in violation of 28 U.S.C. § 3304(b)(2)(G).

15. Upon information and belief, Marshall Sanders, defendant, made the transfers shortly before or shortly after a substantial debt was incurred in violation of 28 U.S.C. § 3304(b)(2)(J).

16. Upon information and belief, defendant, Marshall Sanders, the judgment debtor, was insolvent or became insolvent shortly after the above-described transfers were made or his obligation to pay restitution was incurred in violation of 28 U.S.C. § 3304(b)(2)(I).

17. Upon information and belief, the defendant, Deborah Sanders, is the first transferee of the assets referenced in Paragraphs 7-9 above and did not receive these assets in good faith and for a reasonably equivalent value, subjecting the assets transferred, or other property of the transferee, to a remedy under 28 U.S.C. § 3001, et seq., or any other relief the circumstances may require, pursuant to 28 U.S.C. § 3306(a)(2) and (3).

18. The conveyances described in Paragraphs 7-9 impaired, and continue to impair, the rights of the Plaintiff, in that the defendant, Marshall Sanders, is now deemed to be or may be insolvent and has no money or property out of which the debt described in Paragraph 4 can be satisfied.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, United States of America, demands that:

a. The conveyances described in paragraphs 7-9, be adjudged fraudulent and set aside and that the record title of each property be returned to the defendant, Marshall Sanders;

b.      The properties described in Paragraphs 7-9, be attached or seized and sold pursuant to 28 U.S.C. § 2001, 2002 or 3203, with proceeds paid to the United States District Court Clerk to be transferred to the victim as payment of restitution owed by defendant, Marshall Sanders.

c.      Alternatively, the plaintiff be awarded a judgment against the transferee, defendant, Deborah Sanders for the full amount of the debt, and

d.      The Plaintiff be awarded such other relief as may be appropriate and just.

Dated this 20th day of June, 2013.

                                GREGORY K. DAVIS
                                United States Attorney

By:   /s/ Pshon Barrett

PSHON BARRETT
Assistant U.S. Attorney
MS Bar No. 2071
501 E. Court Street, Suite 4.430
Jackson, MS 39201
601-973-2842
Pshon.barrett@usdoj.gov